## VAN VLEET *v.* HAYES.

### Opinion delivered April 23, 1892.

*Contract to increase salary—Conditions—Waiver.*

> While plaintiff was in the employment of defendants as traveling salesman at a salary of $1200, they agreed, upon certain conditions, to increase his salary to $1500; if the conditions were not performed, his salary was to continue $1200. One of the conditions was that he should abstain from drinking and gambling. In a suit by him to recover the increase of salary, *held*, that a violation of the condition mentioned operated as a forfeiture of the increase of salary, and the forfeiture was not waived by defendants' retention of plaintiff in their employment after knowledge of the violation.

Appeal from Lee Circuit Court.

GRANT GREEN, Jr., Judge.

*Carroll & Pemberton* and *S. J. Shepherd* (of Memphis, Tenn.) for appellants.

1. The instruction given for appellee is erroneous and misleading. It assumed that the only condition precedent to entitle appellee to a salary of $1500 was a certain increase of sales and a certain reduction of expenses, and utterly ignored the abandonment of certain vicious habits, which was also a condition of the increase.

2. The court erred in adding to the request of appellants the clause as to condonation of appellee's bad conduct by retaining him in their employ after being informed that he had violated a part of his contract. The question of condonation or waiver of breach of con-

tract by a master by retaining the servant after knowl-
edge of breach, is a question of fact for the jury. Wood
on Master and Servant, p. 239; 1 Th. & C. (N. Y.) 363;
19 Pick. (Mass.) 349; 3 Rich. (S. C.) 161.

*James P. Brown* for appellee.

MANSFIELD, J.   While the plaintiff, Hayes, was in
the employment of the defendants, Van Vleet & Co., as
a traveling salesman, at a salary of $1200 per year, they
agreed, upon certain conditions, to increase his salary to
$1500.   If the conditions were not performed on his part,
his salary was to continue to be only $1200.   He remained
in the service of the defendant, after the date of this
agreement, for a period of nineteen months.   At the end
of that time he was discharged, and subsequently brought
this action to recover a balance alleged to be due on his
salary, computing it at $1500.   The action was defended
on the ground that the unconditional salary had been
fully paid, and that the excess, which the plaintiff claimed,
was not due to him for the reason that he had not com-
plied with all the conditions on which its payment was
promised.   The parties do not agree in their statements
as to all the conditions of the contract.   It was embraced
originally in a correspondence, the language of which
was ambiguous, and parol evidence was received without
objection to explain its meaning.   The plaintiff testified
that some of the conditions were rescinded by mutual
consent.   This was denied by the defendants.   One of
the conditions required that his sales should reach a
given sum.   By another a limitation was imposed upon
the amount of the plaintiff's expenses.   It was shown by
testimony on the part of the defendants that a third con-
dition of the contract was that the plaintiff during his
term of service should abstain from drinking and gamb-
ling.   And there was evidence tending to show that this
condition was habitually violated.   The cause having

been tried by a jury, their verdict was for the plaintiff, and he obtained judgment for the sum demanded by his complaint.

The grounds of the motion for a new trial are that the court erred in its charge to the jury and in refusing three instructions requested by the defendants.

The court's first instruction was erroneous because it directed a verdict for the plaintiff if the jury found his sales reached the required sum and the condition as to expenses was "changed," without requiring any finding as to whether the contract embraced other conditions or whether the latter had also been performed. If the stipulation as to expenses was a subject of controversy on the trial, this instruction was also objectionable as being on that point too indefinite.

The first and second instructions requested by the defendants were properly refused, for the reason that they require no finding that the matters to which they relate were covered by the condition of the contract.

The defendant's third request to charge was as follows: "If the jury find that one of the conditions of the contract between the plaintiff and defendants was that the plaintiff should not engage in gambling, and should not drink intoxicating liquors, and that he did, as a matter of fact, drink and gamble, then their verdict should be for the defendants." This instruction was proper, and the court erred in refusing it as asked and in giving it with the clause which the court added. The clause referred to was to the effect that, on the issue presented by the instruction, the verdict should not be for the defendants if the jury found that, after being informed that the plaintiff had violated the contract in the respect mentioned, they retained him in their employment and enjoyed the benefit of his services.

It is easy to understand that the defendants may have regarded it as a matter of importance that their

business should be represented by a man of good habits. The testimony shows that the plaintiff had been addicted to drinking and gambling ; and if he agreed to refrain from these vices while he was serving the defendants, and this was made one of the conditions upon which his salary was to be increased, the stipulation was binding upon him, and he was not entitled to recover unless he had observed it.    The condition would not be waived by a failure to discharge him because of its violation, for the reason that it was entirely consistent with the admitted terms of the contract that he should remain in the service of the defendants notwithstanding his breach of the agreement.    The contract was not such that upon its breach the defendants were called upon to declare a forfeiture of the right to compensation under it, or to discharge the plaintiff.   On the contrary, it was expressly stipulated that if the plaintiff failed to keep the conditions of the contract, his salary should be the same he had received up to the date of the agreement.    And this necessarily looked to a continuance of the relation existing between the parties unless it was dissolved for a cause other than the plaintiff's failure to peform the special agreement on which he has sued.   He knew how he was conducting himself, and if he was not fulfilling the obligations of the contract, he had no reason to expect that his work would be paid for according to the salary for which it provided.   And from the evidence it does not appear that he has any cause to complain that he was not discharged at an earlier day.   *Hunter* v. *Gibson*, 3 Rich. Law, 161.

As the finding of the jury might have been different if it had been made under a correct charge, the judgment will be reversed, and the cause remanded for a new trial.